IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOHNATHAN WALLACE,

*Plaintiff*,

V.

GREGORY WAYNE ABBOTT, IN HIS OFFICIAL
CAPACITY AS GOVERNOR OF THE STATE OF
TEXAS, ET AL.,

*Defendants*.

CASE NO. 1:25-CV-2030-DAE

### DEFENDANTS PAXTON AND MARTIN'S PRIORITY MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

Defendants Ken Paxton, in his official capacity as Attorney General of Texas, and Freeman F. Martin, in his official capacity as Director of the Texas Department of Public Safety and respectfully file this Motion to Dismiss the Complaint for Declaratory and Injunctive Relief (ECF No. 1) for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and would show as follows:

### BACKGROUND

On November 18, 2025, Texas Governor Greg Abbott issued a Proclamation designating the Muslim Brotherhood and the Council on American-Islamic Relations ("CAIR") as foreign terrorist organizations and transnational criminal organizations. Governor Abbott issued this Proclamation (the "November 18 Proclamation") pursuant to authorization under Texas law, including Tex. Property Code § 5.254.[1]

Several Texas chapters of CAIR on November 20, 2025, filed suit in the United States District Court for the Western District of Texas seeking declaratory and injunctive relief against the November 18 Proclamation. Case No. 1:25-cv-01878-ADA (W. D. Tex.). The Plaintiffs in that

---

[1] This provision pertains to restrictions on acquisitions of Texas real estate. Plaintiff Wallace makes no allegations that he owns or intends to acquire any Texas real estate.

case, like Plaintiff Wallace here, allege that the November 18 Proclamation is preempted by federal law and violates the Fourteenth Amendment to the Constitution.  That lawsuit remains pending.

On December 11, 2025, Plaintiff Wallace filed this suit. Wallace alleges in his Complaint that he is a semi-retired New York attorney. He claims he is adversely affected by the Governor's November 18 Proclamation because he has represented organizations or individuals who "may be characterized as 'affiliates' or 'members' of the Muslim Brotherhood or CAIR.  Paras. 16, 18, Complaint. Wallace also claims that he fears being targeted for prosecution pursuant to the November 18 Proclamation not only because of clients he has represented or may represent in the future, but for future writing he intends to do.

But Plaintiff Wallace does *not* allege:

1.  That Wallace is an attorney licensed to practice law in Texas or a member of the bar of this Court or of any other federal court in Texas.
2.   That Wallace currently is a lawyer for any client in any case in any Texas state or federal court;
3.  That any of Wallace's current clients reside or are domiciled in Texas;
4.  That Wallace currently represents the Muslim Brotherhood, CAIR, or members, agents, or employees of either the Muslim Brotherhood or CAIR; or
5.  That Defendants Paxton or Martin have taken or threatened to take any action to enforce the November 18 Proclamation against Wallace in any way.

### ARGUMENT

Plaintiff Wallace lacks standing to bring this action against either Defendant Paxton or Defendant Martin. Moreover, the sovereign immunity of Defendant Paxton and Defendant Martin from both suit and liability, which they each hereby assert, and the Eleventh Amendment to the United States Constitution, both bar this action against them. Both lack of standing and sovereign immunity preclude subject matter jurisdiction in this action.

"Jurisdiction comes first." *In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th 523, 533 (5th Cir. 2022). Courts have a non-discretionary obligation to consider a challenge to their subject matter

jurisdiction. *In re Paxton*, 60 F.4th 252, 256 (5th Cir. 2023). An appropriate jurisdictional challenge like this Rule 12(b)(1) motion triggers a duty to inquire as to the court's jurisdiction. *Id.*

Because sovereign immunity is an immunity from *suit*, and not just from liability, a court is not free to proceed to discovery or to the merits of a lawsuit without first determining whether or not it has subject matter jurisdiction of the case. *See Mi Familia Vota v. Ogg*, 105 F.4th 313, 334 (5th Cir. 2024) (district courts "carefully consider . . . jurisdictional challenges before proceeding to the merits."); *Russell v. Jones,* 49 F.4th 507, 512, 514 (5th Cir. 2022). As stated in *Russell*:

> where sovereign immunity applies, it applies totally. Plaintiffs stop at the Rule 12(b)(1) stage and don't get discovery. They don't pass go.

Accordingly, the Court should consider this motion to dismiss on a priority basis and determine whether subject matter jurisdiction exists. If state sovereign immunity and the Eleventh Amendment preclude such subject matter jurisdiction, the Court should dismiss this action.

### I.   PLAINTIFF WALLACE LACKS STANDING TO SUE DEFENDANTS PAXTON AND MARTIN.

Standing is a "bedrock constitutional requirement" for subject matter jurisdiction of a federal court. *United States v. Texas*, 599 U. S. 670, 675 (2023). The plaintiff bears the burden of establishing each element of standing. *E.g., FW/PBS, Inc. v. Dallas*, 493 U. S. 215, 231 (1990).

Standing requires the plaintiff to show that he has suffered an injury in fact as a result of the conduct of each defendant he sues. Plaintiffs must show a "concrete and particularized", and "actual or imminent, not 'conjectural' or 'hypothetical'" invasion by defendant of a legally protected interest. *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 560 (1992). Plaintiff Wallace has failed to plead an injury in fact he has sustained.

Wallace alleges much in the way of speculations, fears, and conjectures in his Complaint. But however sincere, these are insufficient to constitute an injury in fact. Second, Wallace was required to plead that any claimed injury in fact he has suffered is traceable to or was caused by conduct of Defendants Paxton and/or Martin. Wallace has many complaints against the Governor's November 18 Proclamation but fails to allege any alleged injuries traceable to Attorney

General Paxton or Director Martin. Similarly, his claimed decisions to "self-censor" as to his legal representation decisions or decisions to express his views in writing are self-inflicted injuries. They are not even alleged to be caused by any "concrete" actions by Defendants Paxton or Martin. Plaintiff Wallace therefore lacks standing in this case.

Wallace also fails to allege or show that his alleged injuries would be redressed by relief against Attorney General Paxton or Director Martin. Crimes under Texas law are prosecuted by district and county attorneys, not by the Attorney General or the DPS. Thus, Wallace's speculative fears that he will someday be targeted for criminal prosecution in Texas (where he neither lives nor works) cannot be redressed by injunctive relief against Defendants Paxton or Martin.

As a result, the Court lacks standing and therefore subject matter jurisdiction as to Wallace's claims against State Defendant Martin. Dismissal is required by Fed. R. Civ. P. 12(h).

### A.    Wallace's Specific Allegations are Inadequate to Show Standing.

Plaintiff Wallace alleges that he is an attorney "licensed to practice law in New York (License No. 1733757)" and is a "resident of Amagansett, New York". Para. 13, Complaint. He does "[p]ro bono work, which currently comprises the entirety of his legal practice following his semi-retirement from paid practice." Para. 16, Complaint. He alleges that, since October 2023, he has represented "numerous individuals affiliated with organizations that advocate for Palestinian rights, including individuals who are members of or sympathetic to organizations that the Proclamation targets." Para. 18, Complaint. Plaintiff Wallace alleges that "[h]is ongoing practice brings him into regular contact with Muslim communities, Palestinian advocacy organizations, and individuals who may be characterized as 'affiliates' or 'members' of the Muslim Brotherhood or CAIR under the [Proclamation]." *Id*.

Wallace alleges in his Complaint that he "intends to continue representing individuals targeted for pro-Palestinian speech and Muslim advocacy." This future intended (or at least hoped-for) legal representation, he predicts, will "require him to engage with" organizations or individuals that the November 18 Proclamation designates as foreign terrorist organizations or

**4**

transnational criminal organizations. Para. 9, Complaint.

Wallace also alleges his intent to write about the Muslim Brotherhood and CAIR and about what he views as the unconstitutionality of terrorism designations by States. He claims (implausibly in Defendants' view) that this intended future writing is "arguably proscribed" by the November 18 Proclamation. Plaintiff Wallace even claims that the "reasonably fears enforcement of [the November 18 Proclamation] against him" if he engages, sometime in the future, in writing about the Muslim Brotherhood or CAIR, or expresses his views about the constitutionality of terrorist designations by States. Finally, Plaintiff claims that "[a]s a direct result of this reasonable fear, Mr. Wallace is currently self-censoring his speech and professional activities," Para. 23, Complaint, and that "[t]his self-censorship constitutes a concrete, cognizable injury under the First Amendment."[2]

These are classic examples of conjectural, speculative, and hypothetical injuries that cannot constitute the injury in fact necessary for standing. The November 18 Proclamation plainly does not proscribe any speech or professional legal representation by anyone. Attorneys remain free to represent the Muslim Brotherhood or CAIR Chapters despite their designation in the November 18 Proclamation, and in fact are doing so in Case No. 1:25-cv-01878-ADA (W. D. Tex.).

Moreover, Plaintiff's 39-page Complaint is conspicuous for what it fails to allege. Plaintiff Wallace does *not* allege:

1. That Wallace is an attorney licensed to practice law in Texas or a member of the bar of this Court or any other federal court in Texas.
2. That Wallace currently is a lawyer for any client in any case in any Texas state or federal court (other than as an attorney for himself in this case);
3. That any of Wallace's current clients reside or are domiciled in Texas;
4. That Wallace currently represents the Muslim Brotherhood, CAIR, or any members, agents, or employees of either the Muslim Brotherhood or CAIR; or.

---

[2] Self-inflicted injuries like these cannot confer standing. *Deep S. Ctr. For Env. Justice v. EPA*, 138 F.4th 310, 318 (5th Cir. 2025), citing *Clapper v. Amnesty Int'l USA*, 568 U. S. 398, 422 (2013).

5.    That either Defendant Paxton or Defendant Martin has taken or threatened to take any action to enforce the November 18 Proclamation against Wallace or any of his current clients.

Because Wallace does not allege that he is domiciled in or a resident of Texas, or an active attorney in Texas, his fears that Texas state officials may someday target him for prosecution based on the November 18 Proclamation are not even *plausible* speculation.

**B.    Plaintiff Wallace Asserts Only Speculative, Attenuated, and Implausible Injury from the November 18 Proclamation That is Insufficient for Standing under *Hippocratic Medicine* and *Deep South*.**

Plaintiff Wallace lacks standing to sue to challenge the November 18 Proclamation. The November 18 Proclamation does not regulate Plaintiff Wallace but only names the Muslim Brotherhood and CAIR. Thus, Plaintiff Wallace is an "unregulated person for which standing is "ordinarily substantially more difficult to establish." *FDA v. All. for Hippocratic Med.*, 602 U. S. 367, 382 (2024) (quoting *Lujan v. Defenders of Wildlife*, 504 U. S. 555, 562 (1992)).

> When the plaintiff is an unregulated party, causation ordinarily hinges on the response of the regulated (or regulable) third parties to the governmental action or inaction – and perhaps on the response of others as well. Yet the Court has said that plaintiffs attempting to show causation generally cannot rely on speculation about the unfettered choices made by independent actors not before the courts. Therefore, to thread the causation needle in those circumstances, the plaintiff must show that the third parties will likely react in predictable ways that in turn will injure the plaintiffs.

> As this Court has explained, the line of causation between the illegal conduct and injury – the links in the chain of causation – must not be too speculative or attenuated. The causation requirement also rules out attenuated links – that is, where the government actions so far removed from its distant (even if predictable) ripple effects that the plaintiffs cannot establish Article III standing.

*All. for Hippocratic Med.*, 602 U. S. at 383 (citations and quotation marks omitted).

**6**

The Complaint alleges no actual or even *threatened* enforcement of the Proclamation against Plaintiff Wallace by Defendants Paxton or Martin. Because Plaintiff Wallace simply failed to assert any "actual or imminent" injury in fact to him by reason of any action of Defendants Paxton or Martin, he plainly lacks standing.

Instead, Plaintiff Wallace offers only claims of speculative and attenuated possible future injury that is insufficient under Article III and *Hippocratic Medicine*. Plaintiff Wallace speculates that he might possibly be asked someday to represent some members of the Muslim Brotherhood or CAIR or related organizations, but that is only speculation at this point. Even if he does represent them sometime in the future, it would be entirely irrelevant unless he represents them in some future action – itself entirely speculative -- to enforce the Proclamation against the prospective possible clients. And even if that unlikely scenario ever comes to pass, the Proclamation would not then threaten injury to Plaintiff Wallace himself as an attorney, but only to his theoretical clients. Attorneys have no First Amendment right themselves to represent certain clients and suffer no "injury in fact" when their clients are sued or prosecuted. They have no standing to seek legal relief as attorneys merely because their clients might have such standing.

Yet another layer of speculation in which Plaintiff Wallace asks this Court to engage is geographical: that he will be asked to represent clients targeted by the challenged Texas state law.[3] Yet Wallace is not (and apparently never has been) licensed to practice law in the State of Texas. And he does not allege he has ever represented clients in any action in Texas state or federal courts.

Plaintiff Wallace appears to be a classic example of a concerned citizen who objects to the

---

[3] Courts are highly reluctant to accept theories of standing that depend on predicting future actions of independent decisionmakers, like possible future clients who may or may not ask Plaintiff to represent them in unknown future legal disputes. *See Deep S. Ctr. For Env. Justice v. EPA*, 138 F.4th 310, 322 (5th Cir. 2025).

Proclamation on ideological, legal and/or other grounds. But setbacks to abstract social or ideological interest are never sufficient to confer standing. *Deep. S. Ctr. For Env. Justice v. EPA*, 138 F.4th 310, 318 (5th Cir. 2025).

> By requiring the plaintiff to show an injury in fact, Article III standing screens out plaintiffs who might have only a general legal, moral, ideological, or policy object on to a particular government action. For example, a citizen does not have standing to challenge a government regulation simply because the citizen believes the government is acting illegally. See Valley Forge, 454 U. S. at 473. A citizen may not sue based only on an "asserted right to have the Government act in accordance with law. Allen, 468 U. S. at 754. Nor may citizens sue merely because their legal objection is accompanied by a strong moral, ideological, or policy objection to a government action. See Valle Forge, 454 U. S. at 473.
>
> The injury in fact requirement prevents the federal courts from becoming a "vehicle for the vindication of the value interests of concerned bystanders." Allen, 468 U. S. at 756. An Article III court is not a legislative assembly, a town square, or a faculty lounge. Article III does not contemplate a system where 330 million citizens can come to federal court whenever they believe that the government is acting contrary to the Constitution or federal law.

*All. for Hippocratic Med.*, 602 U. S. at 382.

The Complaint fails just as miserably to show traceability or causation, the link "central to Article III standing", between the defendants' alleged action and the injury in fact the plaintiff claims to have suffered. *See* 602 U. S. at 383. "Without the causation requirement, courts would be "virtually continuing monitors of the wisdom and soundness of government action" Id. at 383-84, quoting Allen, 468 U. S. at 760. Yet the Complaint alleges no concrete actions by Defendants Paxton

or Martin pursuant to the November 18 Proclamation that have imminently threaten to cause injury to Wallace. This is fatal to any claims of standing by Wallace and require dismissal of the Complaint.

## II. THIS SUIT AGAINST THE TEXAS ATTORNEY GENERAL AND THE DIRECTOR OF TEXAS DPS IS BARRED BY STATE SOVEREIGN IMMUNITY AND THE ELEVENTH AMENDMENT.

Wallace sues Defendants Paxton and Martin solely in their official capacities as Texas state officials. Such a suit is effectively a suit against the State of Texas. *City of Austin v. Paxton*, 943 F.3d 993, 997 (5th Cir. 2019). "Generally, States are immune from suit under the terms of the Eleventh Amendment and the doctrine of sovereign immunity." *National Press Phot. Ass'n v. McCraw*, 90 F.4th 770, 785 (5th Cir. 2024) ("*McCraw*"); *Texas Dem. Party v. Abbott*, 961 F.3d 389, 400 (5th Cir. 2020). There is no claim that Defendants waived sovereign immunity or consented to this suit.

The legal fiction of *Ex Parte Young,* 209.S. 123 (1908), provides a "narrow" exception to State sovereign immunity in the "subset of cases to which it applies." *Mi Familia Vota v. Ogg*, 105 F.4th 313, 325 (5th Cir. 2024). *Ex Parte Young* "permits plaintiffs to sue a state officer in his official capacity for an injunction to stop *ongoing* violations of federal law." *Id*. (emphasis added). But Wallace alleges no such "ongoing" violations of law by Defendants Paxton or Martin, so *Ex Parte Young* does not apply here.

As in *McCraw*, this is a pre-enforcement challenge. The November 18 Proclamation has not been enforced against Wallace to date in any way. In those circumstances, the Fifth Circuit concluded in *McCraw*:

> Because Plaintiffs have provided no evidence that Defendants will enforce Chapter 423, we hold that the Ex Parte Young exception does not apply to [the Director of the Texas Department of Public Safety and the Chief of the Texas Highway Patrol] and they are entitled to sovereign immunity.

90 F.4th at 787.

Similarly, in *Mi Familia Vota v. Ogg*, the Fifth Circuit found that District Attorney Ogg had taken no action to enforce the Texas Election Code provisions challenged in that case. 105 F.4th at 330. The Court found that "some affirmative action on the part of the named defendant" to

**9**

enforce the challenged law was required. In its absence, the Court concluded that Ogg was not subject to suit under *Ex Parte Young* and that she was entitled to sovereign immunity. *Id.* at 333.

The same conclusion applies in this case. Wallace has not alleged or provided any evidence of any "affirmative action" or even threats by Defendant Paxton or Defendant Martin to enforce the November 18 Proclamation against him. Nor is there any basis to assume such enforcement by Defendants Paxton or Martin will ensue.

As in *McCraw* and *Mi Familia Vota*, the narrow *Ex Parte Young* exception to State sovereign immunity does not apply in this case. Plaintiffs cannot claim in good faith that there are any *ongoing* violations of federal law by Defendants Paxton or Martin through enforcement of the November 18 Proclamation. Accordingly, Defendants Paxton and Marin have state sovereign immunity from suit and liability in this case. This suit is also barred by the Eleventh Amendment. Subject matter jurisdiction does not exist for this additional reason.

## CONCLUSION

Because Wallace failed to carry his burden to show standing and sovereign immunity applies, this action must be dismissed as to Defendants Paxton and Martin pursuant to Federal Rules of Civil Procedure 12(b)(1).

Date: March 27, 2026

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

RYAN D. WALTERS
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division
Texas Bar No. 24060998

Respectfully submitted.

/s/ *David Bryant*
DAVID BRYANT
Senior Special Counsel
Attorney-in-Charge
Texas Bar No. 03281500

MUNERA AL-FUHAID
Special Counsel
Texas Bar No. 24094501

ALEXIA K. BAKER
Assistant Attorney General
Tex. State Bar No. 24149596

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
david.bryant@oag.texas.gov
munera.al-fuhaid@oag.texas.gov
alexia.baker@oag.texas.gov

***Counsel for the Defendants Paxton and Martin***

CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on March 27, 2026 and that all counsel of record were served by CM/ECF.

/s/ *David Bryant*
DAVID BRYANT

11