IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN WALLACE, | § | |
| **Plaintiff,** | § | |
| V. | § | |
| | § | |
| GREGORY WAYNE ABBOTT, IN HIS | § | A-25-CV-2030-DAE |
| OFFICIAL CAPACITY AS | § | |
| GOVERNOR OF THE STATE OF | § | |
| TEXAS; KEN PAXTON, IN HIS | § | |
| OFFICIAL CAPACITY AS | § | |
| ATTORNEY GENERAL OF TEXAS; | § | |
| AND FREEMAN F. MARTIN, IN HIS | § | |
| OFFICIAL CAPACITY AS | § | |
| DIRECTOR, TEXAS DEPARTMENT | § | |
| OF PUBLIC SAFETY, | § | |
| **Defendants.** | § | |

## ORDER

Plaintiff's Motion For Extension Of Time To File Amended Complaint (Dkt. 23) is before the court.[1] Defendants oppose the motion, Dkts. 24, 25, and Plaintiff did not file a reply.

### I.   BACKGROUND

Plaintiff Jonathan Wallace, a New York civil rights attorney, brings this suit challenging Governor Greg Abbott's November 18, 2025 proclamation designating the Muslim Brotherhood and the Council on American-Islamic Relations ("CAIR") as "foreign terrorist organizations" and "transnational criminal organizations." Dkt. 1. Defendants have moved to dismiss the suit for lack of standing. Dkts. 21, 22. A month after those motions were filed, Wallace had not filed a response. Instead, Wallace filed this motion, seeking to extend the time by which he could file an amended complaint under Federal Rule of Civil Procedure 15(a)(1)(B), which would moot the motions.

---

[1] United States District Judge David Ezra referred the motion to the undersigned for disposition pursuant to 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated April 29, 2026.

1

Wallace stated he needed additional time to identify his Texas-based clients and co-counsel, who have reservations about being publicly named in the complaint. Dkt. 23 at 3. Wallace stated that he would file an amended complaint by May 6, 2026. Defendants opposed the motion. Wallace did not file a reply brief or the proposed amended complaint.

## II.    APPLICABLE LAW

Rule 15 governs motions to amend made before trial and provides that "[t]he court should freely give leave when justice so requires." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting FED. R. CIV. P. 15(a)(2)). "Rule 15(a) 'evinces a bias in favor of granting leave to amend.'" *Id*. (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 566 (5th Cir. 2002)).  A movant is required to give the court some notice of the nature of his or her proposed amendments.  *Id*. ("it is clear that some specificity is required"). Even when proper notice is given, permissible reasons for denying a motion for leave to amend include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id*. at 591 (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)). Courts use the Rule 12(b)(6) standard to evaluate futility, and courts deny leave as futile when "the theory presented in the amendment lacks legal foundation or because the theory has been adequately presented in a prior version of the complaint." *Id*. at 591-92; *Jamieson By & Through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985).

## III.    ANALYSIS

Under Rule 15, the undersigned rarely denies a first motion to amend an original complaint or motion to extend time to amend. However, this case presents unique circumstances. Wallace offered the court no reason why he could not have filed the motion for extension of time before he

time to amend as a right lapsed. Wallace has not demonstrated that he can amend the complaint to overcome his alleged standing deficiencies. Nor did he even favor the court with a reply brief in light of Defendants' opposition to his motion. Because Wallace has not shown that allowing his late amendment would be anything but futile, the court **DENIES** Plaintiff's Motion For Extension Of Time To File Amended Complaint (Dkt. 23).

SIGNED May 20, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

3