**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

JONATHAN WALLACE,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　*Plaintiff*,　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
GREG ABBOTT, in his official capacity as　)
Governor of Texas, KEN PAXTON, in his　)　　　No. 1:25-cv-02030-DAE
official capacity as Attorney General of Texas,　)
FREEMAN F. MARTIN, in his official capacity　)
as Director, Texas Department of Public Safety　)
　　　　　　　　　　　　　　　　　　)
　　　　*Defendants*.　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)

**GOVERNOR ABBOTT'S OPPOSITION TO PLAINTIFF'S MOTION FOR
RECONSIDERATION AND FOR LEAVE TO AMEND**

Plaintiff Jonathan Wallace asks the Court to reconsider its well-reasoned denial of his motion for an extension of time to file an amended complaint. ECF No. 29. The Court previously ruled that motion was untimely and futile. The Court was correct, and Mr. Wallace does not contend otherwise. Instead, he argues that he should get a do-over because he previously "miscalculated" whether he could establish standing. ECF No. 30 at 5. But he fails to demonstrate that he is entitled to another bite at the apple. His latest motion is procedurally improper, both as a motion for reconsideration and as a motion for leave to amend. Substantively, Mr. Wallace fails to identify any proper ground for reconsideration. He admits he does not identify any clients willing to be named in his brief, despite that being the basis for his original extension request. Now, he seeks to belatedly add bare allegations and legal conclusions in a naked attempt to manufacture standing. He could have tried that long ago but chose a different path. Even if this Court were

1

inclined to consider Mr. Wallace's tendered amended complaint, it still fails to establish standing. The tardy complaint is futile, as the Court predicted it would be.

## BACKGROUND

This case arises from Defendant Governor Greg Abbott's November 18, 2025, Proclamation declaring the Council on American Islamic Relations ("CAIR") and the Muslim Brotherhood to be foreign terror organizations and transnational criminal organizations. ECF No. 1 ¶ 1. On December 11, 2025, Plaintiff Jonathan Wallace filed this suit, arguing that the Proclamation was unlawful for myriad reasons under both state and federal law. *Id.*

Mr. Wallace is a "semi-retired" lawyer who lives in New York and is not barred in Texas. *Id.* ¶ 16. He claims to be adversely affected by the Proclamation because he has represented unidentified individuals who "may be characterized as 'affiliates' or 'members' of the Muslim Brotherhood or CAIR." *Id.* ¶¶ 16, 18, 19. Wallace also claims that he fears being targeted for prosecution pursuant to the Proclamation. *Id.* ¶ 59. He believes he is a potential target because of the unnamed clients he has represented and allegedly plans to represent and because of future writing he intends to publish concerning the Muslim Brotherhood and CAIR. *Id.* ¶¶ 58, 61–62.

After Mr. Wallace filed his complaint, the parties agreed to a briefing schedule. Defendants would file their motions to dismiss on March 27, Plaintiff would file his response brief on April 27, and Defendants would file their reply briefs on May 11. ECF No. 20. Both Defendants filed timely briefs, arguing that Mr. Wallace lacked standing, sovereign immunity barred the suit, and Mr. Wallace failed to state a claim. ECF Nos. 21, 22. The day Mr. Wallace's brief was due—after the period to amend as a matter of course lapsed—Mr. Wallace "emailed counsel for all Defendants . . . requesting an extension of" his response-brief "deadline and seeking consent to amend the complaint." ECF No. 23 ¶ 5. Mr. Wallace "stated he needed additional time to identify

2

his Texas-based clients and co-counsel, who have reservations about being publicly named in the complaint." ECF No. 29 at 2. According to Mr. Wallace, these changes would cure the standing deficiency in his complaint. Before the Governor's counsel could respond, Mr. Wallace filed his motion and promised the Court that he would file his proposed amended complaint by May 6. ECF No. 23 at 3. Both Defendants opposed the motion. ECF Nos. 24, 25. May 6 came and went without Mr. Wallace filing the proposed amended complaint or even explaining why he failed to file it.

Last week, this Court denied Mr. Wallace's motion. ECF No. 29. Explaining that "this case presents unique circumstances," the Court rightly held that Mr. Wallace "offered the court no reason why he could not have filed the motion for extension of time before [t]he time to amend as a right lapsed." ECF No. 29 at 2–3. Nor did he "demonstrate[] that he can amend the complaint to overcome his alleged standing deficiencies." *Id.* Thus Mr. Wallace also had "not shown that allowing his late amendment would be anything but futile." *Id.* Mr. Wallace has now filed a combined motion for reconsideration and motion for leave to file an amended complaint.

**LEGAL STANDARD**

Mr. Wallace moves under Rule 60(b), which allows a court to "relieve a party . . . from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (6). But there is no final judgment in this case, so Rule 60(b) is inapplicable. Mr. Wallace presumably intends to invoke Federal Rule of Civil Procedure 54(b), which permits a court to reconsider its own interlocutory orders. But Rule 54(b) motions "are not the proper vehicle for rehashing evidence, legal theories, or arguments." *Am. Patents LLC v. MediaTek, Inc.*, No. 18-CV-00339, 2019 WL 13150016, at *1 (W.D. Tex. Sep. 20, 2019). "Rather, they serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.*

3

(quotations omitted).[1] Thus, the Court's power to reconsider interlocutory orders "is exercised rarely to avoid the perpetual reexamination of orders and the resulting burdens and delays." *Id.* (quotations omitted).

With respect to Mr. Wallace's second motion for leave to amend, Rule 15 still governs. It provides that "'[t]he court should freely give leave when justice so requires.'" *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting FED. R. CIV. P. 15(a)(2)). A court may deny a motion for leave to amend, however, based on "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Id.* at 591 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## ARGUMENT

### I.    This Court Should Not Reconsider Its Denial Of Mr. Wallace's Motion.

Mr. Wallace falls far short of satisfying the standard for reconsideration. He must identify a "manifest error[] of law" or "newly discovered evidence" demonstrating that the Court should have granted his motion. *Am. Patents LLC*, 2019 WL 13150016, at *1 (quoting *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989)). But Mr. Wallace does not even contend that this Court's order denying his motion for leave was incorrect. His reconsideration motion openly acknowledges that his original motion "left the Court with insufficient information" to grant the motion. ECF No. 30 at 5. Further, he argues that his failure to move in a timely manner "was, at worst, excusable neglect." *Id.* This is a tacit concession that the Court did not make a "manifest error[] of law" when denying his motion. *Am. Patents LLC*, 2019 WL 13150016, at *1.

---

[1] Mr. Wallace does not ask the district judge to reconsider the magistrate judge's prior ruling. Even if he did, he fails to show that the "order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

The fact that Mr. Wallace *now* attaches a proposed amended complaint—roughly four weeks after his response was due—cannot cure the fact that he failed to do so originally. Everything in the proposed 97-page complaint was available at the time Mr. Wallace made his previous motion for an extension of time, so it is not "newly discovered evidence." *Waltman*, 875 F.2d at 474. He candidly admits that he chose "to forego [sic] naming his clients and associations in the amended complaint" and instead bought additional time to backfill his admittedly deficient complaint with facts long known to him about himself. ECF No. 30 at ¶ 12. A party cannot use a motion for reconsideration as a vehicle to produce evidence that he possessed before filing his original motion. *Waltman*, 875 F.2d at 473.[2]

Even if this Court analyzes Mr. Wallace's motion under Rule 60(b), he fails to establish an entitlement to relief. The extent of Mr. Wallace's argument under Rule 60(b) is that his failure to make a timely motion was "excusable neglect." ECF No. 30 at 5. Excusable neglect is generally not satisfied if "the delay was within control of the movant." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 n.2 (11th Cir. 1998).

The delay here was solely in the control of Mr. Wallace. He claims he originally planned to respond to the motions to dismiss but then decided he would rather amend his complaint. But instead of moving for leave to amend immediately, he sought an extension to file a brief that he had no intention of filing. Add in the fact that Mr. Wallace then failed to abide by his own self-imposed May 6 deadline to propose his amended complaint, and it is clear that any neglect should not be excused by this Court. *Id.* at 1418 n.2; *see also* 4B WRIGHT & MILLER, FED. PRAC. & CIV. PROC. § 1165 (4th ed. Apr. 2026) ("when party was aware it needed more time prior to expiration

---

[2] For these same reasons, Mr. Wallace could not demonstrate that the "order is clearly erroneous or contrary to law" for purposes of 28 U.S.C. § 636(b)(1)(A). *Moore v. Ford Motor Co.*, 755 F.3d 802, 806–08 (5th Cir. 2014).

of deadline, it should have moved for extension prior to, not after, deadline's passage; failure to do so resulted in denial of extension") (citing *Anguiano v. Life Ins. Co. of N.A.*, 232 F.R.D. 584 (W.D. Tex. 2005)).

**II.      This Court Should Deny the Motion for Leave to Amend.**

In addition to seeking "reconsideration" of this Court's prior denial, ECF No. 30 at 1, Mr. Wallace files a second motion for leave to amend. This Court should deny leave to amend for three reasons.

First, the motion is untimely. As this Court explained with respect to Mr. Wallace's last motion, Mr. Wallace "offered the court no reason why he could not have filed the motion for extension of time before [t]he time to amend as a right lapsed." ECF No. 29 at 2–3. Even though this motion comes four weeks after the previously rejected one, Mr. Wallace still does not give a reason why his motion was not filed "before [t]he time to amend as a right lapsed." *Id.* The substance of Mr. Wallace's proposed amended complaint proves that there was no reason for further delay. The proposed amended complaint does not, as Mr. Wallace earlier claimed it would, name Mr. Wallace's putative clients that would allegedly fall within the Proclamation's ambit. Instead, the amended complaint seeks to add more details that Mr. Wallace would have known about himself, both when he filed his original complaint *and* when he filed his first motion that sought an extension and leave to amend.

Second, Mr. Wallace's proposed amended complaint is futile, which provides an independent basis to deny his motion. *See Jamieson by & through Jamieson v. Shaw*, 772 F.2d 1205, 1208 (5th Cir. 1985). There is no escaping the fact that Mr. Wallace is not CAIR or the Muslim Brotherhood, the proper "object[s] of the [challenged] action." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Mr. Wallace nonetheless contends that he has established

standing because he now "intends to travel to Austin, Texas for the full month of September 2026, during which he will write, demonstrate, agitate, teach, hold conferences, picket the Texas State Capitol, and otherwise publicly challenge this unlawful Proclamation and Texas's official Islamophobia." ECF No. 30-1 at ¶ 8. Maybe so, but disagreement with government action does not give rise to standing. *See, e.g.*, *FDA v. Alliance for Hippocratic Medicine*, 602 U.S. 367, 381 (2024). Nor does the Proclamation prohibit Mr. Wallace from "writ[ing]" whatever he wishes or "agitat[ing]" on the steps of the Texas Capitol. *See* ECF No. 22 at 6–9 (Governor Abbott's Motion to Dismiss); *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 160 (2014). He thus fails to allege that the Proclamation will harm him in any way.

Mr. Wallace's other standing-related additions also fail to overcome the deficiencies in the original complaint. For example, he claims that "Texas-based co-counsel on several matters is currently assessing co-counsel relationships as a result of Mr. Wallace's associations under Defendant Abbott's Proclamation." ECF No. 30-1 at ¶ 39. But he fails to identify who these co-counsel are and, more fundamentally, how the fact that they are merely "assessing . . . relationships" with Mr. Wallace inflicts a concrete injury. *Id.* Mr. Wallace's speculation that he might be harmed cannot be predictably traced to Governor Abbott's proclamation. *See Diamond Alt. Energy v. EPA*, 606 U.S. 100, 112 (2025) ("Courts must distinguish the 'predictable' from the 'speculative' effects of government action or judicial relief on third parties."). And it once again makes no difference that Mr. Wallace (in some instances) purports to be censoring himself over fear of an enforcement action. ECF No. 30-1 at ¶¶ 113–14; *but see* ECF 30-1 at ¶ 35 (claiming he "will continue to zealously represent his clients and maintain his personal and professional associations"). If "mere conjecture about possible governmental actions" that resulted in self-injury were sufficient to establish standing, then Article III's "certainly impending" requirement

7

would be toothless. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 420 (2013); *Glass v. Paxton*, 900 F.3d 233, 239 (5th Cir. 2018). Plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper*, 568 U.S. at 416.

To the extent that Mr. Wallace claims he is unable to lease property in Texas during his monthlong trip to protest Governor Abbott's Proclamation, there is no plausible way that the Proclamation is causing his difficulties. ECF No. 30-1 at ¶¶ 30–31, 39, 42, 217. The designation of CAIR and the Muslim Brotherhood as a Transnational Criminal Organization prohibits them from purchasing additional real property in Texas. It also prohibits them from entering into a lease of one year or greater. *See* TEX. PROP. CODE ANN. § 5.252(3) (exempting "a leasehold interest in land . . . if the duration of the interest is less than one year."). Because Mr. Wallace seeks a one-month lease, to "write, demonstrate, agitate, teach, hold conferences, picket the Texas State Capitol, and otherwise publicly challenge this unlawful Proclamation," ECF No. 30-1 at ¶ 8, the Proclamation would not apply to that transaction.

Mr. Wallace's proposed amended complaint is also futile because Governor Abbott is immune from this suit. Because 42 U.S.C. § "1983 does not abrogate state sovereign immunity," *NiGen Biotech LLC v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015), a § 1983 claim against a state officer in his official capacity is barred by sovereign immunity unless an exception applies, *see Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54, 58 (1996) (describing the general sovereign-immunity framework). The *Ex parte Young* doctrine is one such narrow exception. It applies when a plaintiff seeks prospective injunctive relief against the state officer tasked with enforcing the putatively unconstitutional law. *Okpalobi v. Foster*, 244 F.3d 405, 414 (5th Cir. 2001) (en banc). As already explained in his unresponded-to motion to dismiss, Governor Abbott does

not enforce the designations in the Proclamation, so Mr. Wallace "cannot sue the Governor under *Ex parte Young*." *United States v. Abbott*, 85 F.4th 328, 333 (5th Cir. 2023).

The proposed amended complaint does not allege any facts that change this outcome. Instead, Mr. Wallace adds a variety of improper legal arguments to his complaint, which is one reason it balloons from 39 pages to 97 pages. The gist of his legal arguments is that "Defendant Abbott holds designation and rescission authority under Texas Property Code § 5.254(a)(2)(A)" and thus can be sued under *Ex parte Young*. ECF No. 30-1 at ¶ 19. But this argument changes nothing from his original flawed complaint. Governor Abbott does have the statutory ability to designate certain entities. That designation, however, triggers enforcement authority by *others*, like district attorneys, county attorneys, and the Attorney General. *See* Tex. Civ. Prac. & Rem. Code §§ 125.064–125.066; Tex. Prop. Code §§ 5.258–5.259. It does not matter that, as Mr. Wallace now alleges, the Governor has endorsed other officials taking enforcement actions against CAIR and the Muslim Brotherhood (but obviously not Mr. Wallace). The Fifth Circuit has already held that even when the Governor directs another officer to enforce a law, the Governor is still not a proper defendant. *See Abbott*, 85 F.4th at 334.

Third, and finally, the Court should deny Mr. Wallace's motion because his proposed amendment does not satisfy Rule 8's requirement that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).[3] District courts have "'great leeway in determining whether a party has complied with Rule 8.'" *Stringfellow v. Texas*, No. 25-20226, 2026 WL 37430, at *1 (5th Cir. Jan. 6, 2026) (quoting *Gordon v. Green*, 602 F.2d 743, 745 (5th Cir. 1979)). Thus, "[w]hen a complaint does not meet the pleading

---

[3] Mr. Wallace also failed to comply with local rule 7(g) because he did not seek Governor Abbott's position with respect to this motion. That failure alone is enough to "deny a nondispositive motion." W.D. Tex. L.R. CV-7(g).

requirements of Rule 8," a district court may dismiss the complaint or deny leave to amend. *McManaway v. KBR, Inc.*, 906 F. Supp. 2d 654, 660 (S.D. Tex. 2012) (quoting FED. R. CIV. P. 12(b)(6)).

Mr. Wallace's proposed amended complaint stretches 97 pages with 240 paragraphs and dozens of additional sub-paragraphs. *Cf. Muniz v. Medtronic, Inc.*, No. A-13-CA-451-SS, 2014 WL 1236314, at *2 (W.D. Tex. Mar. 20, 2014) (dismissing 77-page complaint for failing to comply with Rule 8); *Armstrong v. Tygart*, No. A-12-CA-606-SS, 2012 WL 13071541, at *1–2 (W.D. Tex. July 9, 2012) (dismissing complaint "spanning eighty pages and containing 261 numbered paragraphs, many of which have multiple subparts"). Much of the new material appears to be legal arguments in response to the Defendants' motions to dismiss, which Mr. Wallace elected not to respond to in the first place. *See, e.g.*, ECF No. 30-1 at ¶¶ 41–56. Indeed, the degree of legal argumentation he has added could arguably be seen as an attempt to circumvent (dramatically) the page limitation on briefs relating to a motion to dismiss. W.D. Tex. L.R. CV-7(e)(3). Even if this Court may have opted for a lesser sanction in the first instance, such as ordering Mr. Wallace to file a shorter complaint, the fact that Mr. Wallace has failed to comply with Rule 8 is further evidence that he should not receive leave to amend.

## CONCLUSION

This Court should deny Mr. Wallace's procedurally and substantively flawed motions.

Dated: June 2, 2026                                 Respectfully submitted,

TREVOR W. EZELL                                     /s/ Charles J. Cooper
*General Counsel*                                   Charles J. Cooper (Pro Hac Vice)
Tex. State Bar No. 24109849                         John D. Ramer (Pro Hac Vice)
Caleb Gunnels                                       Bradley L. Larson (Pro Hac Vice)
Deputy General Counsel                              COOPER & KIRK, PLLC
Tex. State Bar No. 24109959                         1523 New Hampshire Avenue, N.W.
Jason Bramow                                        Washington, D.C. 20036
Deputy General Counsel                              Tel: (202) 220-9600
Tex. State Bar No. 24101545                         Fax: (202) 220-9601
OFFICER OF THE GOVERNOR OF TEXAS                    ccooper@cooperkirk.com
P.O. Box 12428                                      jramer@cooperkirk.com
Austin, TX 78711                                    blarson@cooperkirk.com
Tel: (512) 463-3329
Fax: (512) 463-1932
trevor.ezell@gov.texas.gov

*Counsel for Defendant Greg Abbott, in his official capacity as Governor of Texas*


**CERTIFICATE OF SERVICE**

On June 2, 2026, this document was filed electronically through the Court's CM/ECF system,

which automatically serves all counsel of record.


/s/ *Charles J. Cooper*
Charles J. Cooper

11