IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

JOHNATHAN WALLACE,

    *Plaintiff*,

V.

GREGORY WAYNE ABBOTT, IN HIS OFFICIAL
CAPACITY AS GOVERNOR OF THE STATE OF
TEXAS, ET AL.,

    *Defendants*.

CASE NO. 1:25-CV-2030-DAE

**OPPOSITION OF ATTORNEY GENERAL PAXTON AND DIRECTOR MARTIN TO PLAINTIFF'S
MOTION FOR RECONSIDERATION AND MOTION TO FILE AMENDED COMPLAINT**

Defendants Attorney General Kenneth W. Paxton and Director Freeman F. Martin, in their official capacities, join in and adopt Governor Abbott's Opposition to Plaintiff's Motion for Reconsideration and for Leave to Amend (ECF No. 31). Defendants Attorney General Paxton and Director Martin, in their official capacities, further would show the Court as follows:

Plaintiff Wallace's proposed First Amended Complaint is as defective and subject to dismissal as his original Complaint in this action. If allowed to file his proposed First Amended Complaint, Plaintiff Wallace would fail in his attempt to allege that he has suffered an "injury in fact" as a result of any actions of any Defendant. He alleges only speculative fears and alleged harms that are self-inflicted and certainly were *not* inflicted by any enforcement of Governor Abbott's Proclamation of November 18, 2025.

Plaintiff Wallace alleged in his Motion for Reconsideration and Motion for Leave to File Amended Complaint (ECF No. 30) at page 4, ¶¶ 13-14:

> 13.    Still, the proposed amended complaint, see Ex. 1, includes a series of allegations demonstrating the concrete harm Mr. Wallace has suffered as a result of the Proclamation and definitively establishes standing.

**1**

In Paragraph 14, Plaintiff Wallace alleges four sources of alleged "concrete harm". None of the four are alleged to caused by any enforcement of the Proclamation by Defendants and all are voluntary and self-inflicted. Plaintiff Wallace first alleges "(1) concrete disruption of his existing legal practice, including Texas co-counsel reassessing their relationships, landlords expressing concern about Property Code liability, and clients reevaluating his representation." But private parties' alleged "concern," "reassessing," and "reevaluating" as to private contractual relationships are *not* "concrete harm" or "concrete disruption of his existing legal practice." And such vague and speculative alleged harms are not result of any enforcement actions of any of Defendants in their official capacities.[1]

The challenged Proclamation did not purport to block anyone from retaining Plaintiff Wallace as legal counsel or from renting Texas property to him for a month. The challenged Proclamation did not prohibit Plaintiff Wallace from fully exercising his First Amendment rights by writing, speaking, or protesting against the Proclamation (or anything else). Indeed, the challenged Proclamation does not purport to affect Plaintiff Wallace at all, since he does not claim to be an officer or member of either the Council on American-Islamic Relations (CAIR) or the Muslim Brotherhood.

Plaintiff Wallace also claims "2) self-censorship of protected speech, including declining to publish planned articles and refraining from organizing events protesting the Proclamation". But "self-censorship" is by definition the act of Plaintiff Wallace. He does not and could not allege his "self-censorship" is the result of any action of Defendants. Nor could Wallace's claimed self-imposed silence plausibly result from a Proclamation that does not prohibit *any* speech, articles, or events – even by CAIR or the Muslim Brotherhood, much less by non-members like Plaintiff Wallace. Self-censorship as a result of fantasies of persecution is far from the "concrete harm" required for standing.

---

[1] If anything, the Proclamation might be expected to *increase* rather than reduce the demand for legal counsel by CAIR or the Muslim Brotherhood, or their members in Texas. Thus, Wallace's claims of "concrete harm" to himself as an attorney are illogical as well as entirely speculative.

Plaintiff Wallace alleges these further self-inflicted injuries: "(3) forfeited expenditures on concrete professional plans, including pro hac vice admission, cost-sharing agreements for Texas facilities, and non-refundable airfare for his 2026 Austin trip." Wallace of course does not claim that any Defendant has threatened him with prosecution or other enforcement action if he travels to Austin in September 2026 or engages in legal representation of anyone in Texas. Such claims of speculative and highly attenuated harm fall far short of the injury in fact required for standing. Moreover, the claimed harms plainly are not traceable to challenged actions of any Defendant, but instead at most to Wallace's own fears and ill-advised actions.

Finally, Wallace alleges "(4) a credible enforcement threat evidenced by Attorney General Paxton's enforcement lawsuit targeting the very organizations Wallace associates with professionally, DPS criminal intelligence investigation directives, and Defendants' documented refusal to disavow enforcement against attorneys representing designated entities' affiliates." But Wallace seems blind to the fact that governmental actions against entities actually named as "foreign terrorist organizations" and "transnational criminal organizations" named in the Proclamation are *not* "enforcement threats" against third party attorneys like Wallace who claim they merely would like to provide professional legal representation to members or affiliates of those organizations.

The United States Supreme Court and the Fifth Circuit Court of Appeals have made it clear that standing requires much more than Plaintiff Wallace offers in the proposed First Amended Complainnt. Standing requires an allegation of "actual or imminent" harm from Defendants' actions that is "concrete and particularized" *See, e.g., FDA v. Alliance for Hippocratic Medicine*, 602 U. S. 367 (2024) ("*Alliance*"); *La Union de Pueblo Entero v. Abbott*, 151 F. 4th 273 (5th Cir. 2025) ("*LUPE*"); *United States v. Texas*, 2026 U. S. App. LEXIS 15640 (5th Cir. Apr. 24, 2026) (en banc). In *United States v. Texas*, the en banc Fifth Circuit stated:

> Plaintiffs must have a personal stake in a case to have standing to sue.
> Plaintiffs cannot manufacture standing by voluntarily incurring costs.

*Id.* at *2, quoting *Bost v. Ill. State Bd. of Elections*, 607 U. S. 71, 146 S. Ct. 513, 523 (2026); *Alliance*,

602 U. S. at 379. The Fifth Circuit specifically emphasized that a provider of legal services lacks standing as such.

> [T]his Court long ago rejected the creative notion that a legal-advocacy organization has standing because of its mandate to protect and advocate the rights of individuals, including to provide them with legal representation.

2026 U. S. App. LEXIS at **13-14 (cleaned up), quoting *Ass'n for Retarded Citizens of Dallas v. Dallas Cty. Mental Health & Mental Ret. Ctr. Bd. of Trs.*, 19 F.3d 241, 244 (5th Cir. 1994).

The Fifth Circuit in *LUPE* rejected the standing claims of plaintiffs who, like Wallace, asserted fear of future enforcement action against them:

> The members' alleged fears are not fairly traceable to the challenged actions of the defendants, but instead to baseless speculation about future prosecutions. . . . Such augury does not establish Article III standing. Plaintiffs cannot manufacture standing by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending.

151 F.4th at 288 (cleaned up), quoting *Clapper v. Amnesty Int'l USA*, 568 U. S. 398, 416 (2013) and *Reule v. Jackson*, 114 F.4th 360, 67 (5th Cir. 2024) (cleaned up). Yet that is precisely what Plaintiff Wallace seeks to do in this case

Plaintiff Wallace lacks any personal stake in this case, even under his proposed First Amended Complaint. He is not subject to any legal constraints because of the challenged Proclamation. No Defendants are alleged to have threatened him with prosecution or other enforcement action by reason of the Proclamation (much less actually prosecuted him for anything).

Plaintiff Wallace's apparently sincere opposition to the Proclamation on ideological grounds cannot provide him with standing. Valley Forge Chris. College v. Amers. United for Sep. of Church & State, 454 U. S. 464, 471 (1982). His apparent desire to act as a legal advocate for members or affiliates of CAR or the Muslim Brotherhood in unspecified legal matters cannot

provide him with standing. And his speculative fears of attenuated harm from some future enforcement of the Proclamation that has not even been threatened by Defendants cannot provide him with standing.

For all these reasons, the proposed First Amended Complaint would be futile because it would be doomed to dismissal for lack of standing. The Court should deny Plaintiff Wallace's Motion for Reconsideration and Motion for Leave to File Amended Complaint (ECF No. 30).

Date: June 3, 2026

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

RYAN G. KERCHER
Chief, Special Litigation Division
Texas Bar No. 24060998

Respectfully submitted.

/s/ *David Bryant*
DAVID BRYANT
Senior Special Counsel
Attorney-in-Charge
Texas Bar No. 03281500

ALEXIA K. BAKER
Assistant Attorney General
Tex. State Bar No. 24149596

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
david.bryant@oag.texas.gov
alexia.baker@oag.texas.gov

**Counsel for Defendants Paxton and Martin. in their official capacities**

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on June 3, 2026 and that all counsel of record were served by CM/ECF.

/s/ *David Bryant*
DAVID BRYANT

6