IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JONATHAN WALLACE,<br>　　　　　　　　Plaintiff,<br>v.<br><br>GREGORY WAYNE ABBOTT, in his<br>official capacity as Governor of the State<br>of Texas, KEN PAXTON, in his official<br>capacity as Attorney General of Texas,<br>and FREEMAN F. MARTIN, in his<br>official capacity as Director, Texas<br>Department of Public Safety,<br>　　　　　　　　Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | A-25-CV-2030-DAE |

## ORDER

Before the court is Plaintiff's Motion for Reconsideration and Motion for Leave to File Amended Complaint (Dkt. 30, Mot.) and all related briefing.[1] After consideration of the motion, the briefing, and the relevant case law, the undersigned finds as follows.

## I.　BACKGROUND

Plaintiff Jonathan Wallace, a New York civil rights attorney, brought suit challenging Governor Greg Abbott's November 18, 2025 proclamation designating the Muslim Brotherhood and the Council on American-Islamic Relations ("CAIR") as "foreign terrorist organizations" ("FTOs") and "transnational criminal organizations." Dkt. 1. Defendants moved to dismiss the suit for lack of standing. Dkts. 21, 22. A month after those motions were filed, and a week after Wallace's deadline to amend as a matter of right had lapsed, Wallace moved to extend the time by which he could file an amended complaint under Federal Rule of Civil Procedure 15(a)(1)(B), which would moot the motions. Dkt. 23. Wallace stated he needed additional time to identify his

---

[1] The motion was referred by United States District Judge David Ezra to the undersigned for disposition pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Text Order dated June 1, 2026.

Texas-based clients and co-counsel, who have reservations about being publicly named in the complaint. *Id.* at 3. Wallace stated that he would file an amended complaint by May 6, 2026. Defendants opposed the motion. Dkts. 24, 25. Wallace did not file a reply brief or his promised proposed amended complaint.

The court denied Wallace's Motion to Extend Time to File First Amended Complaint (Dkt. 23), and Wallace now seeks for the court to reconsider its decision. Dkt. 30. On May 26, 2026, Wallace filed his Motion for Reconsideration and Motion for Leave to File Amended Complaint (Dkt. 30) and included his proposed First Amended Complaint (Dkt. 30-1) ("Proposed FAC") as an exhibit, twenty days after he initially represented he would file an amended complaint. Defendants filed separate responses in opposition to Wallace's Motion, Dkts. 31, 32, and Wallace replied, Dkt. 33.

## II.    ANALYSIS

The undersigned will address Wallace's Motion to Reconsider before addressing his additional or alternative request for leave to file his Proposed FAC.

### A.  Motion to Reconsider

Wallace moves under Federal Rule of Civil Procedure 60(b) for the court to reconsider its previous order (Dkt. 29) denying Wallace's Motion to Extend Time to File an Amended Complaint (Dkt. 23). Rule 60(b) allows a court to "relieve a party . . . from a final judgment, order, or proceeding" based on "mistake, inadvertence, surprise, or excusable neglect," or for "any other reason that justifies relief." FED. R. CIV. P. 60(b)(1), (6). However, Rule 60(b) is inapplicable as there is no final judgment in this case. Instead, the court considers Wallace's Motion to Reconsider under Rule 54(b), which allows a court to reconsider its own interlocutory orders.

Rule 54(b) motions "are not the proper vehicle for rehashing evidence, legal theories, or arguments." *Am. Patents LLC v. MediaTek, Inc.*, No. 18-CV-00339, 2019 WL 13150016, at *1 (W.D. Tex. Sep. 20, 2019). "Rather, they serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Id.* (quotations omitted). Thus, the court's power to reconsider interlocutory orders "is exercised rarely to avoid the perpetual reexamination of orders and the resulting burdens and delays." *Id.* (quotations omitted).

Although Wallace asks the court to reconsider its denial of his motion for an extension of time to file his amended complaint, Wallace acknowledges that his motion, "left the Court with insufficient information" to grant his request. Dkt. 30 at 5. Indeed, the undersigned wrote in his order, "Wallace offered the court no reason why he could not have filed the motion for extension of time before [his] time to amend as a right had lapsed[, nor did he] demonstrat[e] that he can amend his complaint to overcome his alleged standing deficiencies." Dkt. 29 at 2-3. Wallace does not argue that the court made a manifest error of law or fact and argues that his failure to move in a timely manner "was, at worst, excusable neglect." *Id.*

Wallace merely expands on his explanation for his initial untimeliness and includes his Proposed FAC, twenty days after his asserted submission date and over a month past his amendment as a matter of right deadline. Wallace argues that relief is justified under his motion to reconsider because "Rule 15 evinces a bias in favor of granting leave to amend." *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (citation modified). Neither his explanation, nor his Rule 15 argument move the needle on the court's Rule 54(b) analysis. All of this information was available to Wallace at the time he made his initial motion; thus, none of it was newly discovered and merely rehashes his original arguments. Therefore, the court **DENIES**

3

Wallace's request (Dkt. 30) to reconsider his Motion to Extend Time to File an Amended Complaint (Dkt. 23).

### B. Leave to Amend

With respect to Wallace's alternative or additional request for leave to amend, Rule 15 applies because a Scheduling Order has not been entered to govern deadlines in this case. Rule 15 provides that "'[t]he court should freely give leave when justice so requires.'" *Thomas v. Chevron U.S.A., Inc.*, 832 F.3d 586, 590 (5th Cir. 2016) (quoting FED. R. CIV. P. 15(a)(2)). A court may deny a motion for leave to amend, however, based on "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Id.* at 591 (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

#### 1. Initial Factors

Beginning with undue delay, Wallace's deadline for leave to amend as a matter of right was April 17, 2026. Wallace first asked for an extension of time to file an amended complaint on April 27, 2026, but he did not include a proposed amended complaint with that filing. Dkt. 23. Wallace asserted that he would file a proposed amended complaint by May 6, 2026. *Id.* at 3. He did not do so. On May 26, 2026, Wallace filed the instant motion, *finally* including his Proposed FAC. Dkt. 30. There is no evidence of bad faith; instead, Wallace ascribes the delay to excusable neglect, his ethical duty to his clients, and his case load. *See* Dkt. 33-1 (Wallace Decl.) ¶¶ 10-11 ("I am painfully aware that, with 50 cases, I am already hitting the limits of the possible[.] . . . Delays and missed deadlines in this case were accordingly not due to bad faith or willful procrastination, but simply a scramble to keep up."). However, Wallace has undoubtedly delayed in bringing a proper motion for leave to amend (e.g., one that includes his Proposed FAC), and the

court is not concerned with Wallace's entire case load and general time management skills. Wallace's behavior in *this case* is the court's concern.

Despite Wallace's clear delay, he has not previously been granted leave to amend; thus, there is no evidence of repeated failures to cure deficiencies. Furthermore, Defendants do not argue that they would be prejudiced by Wallace receiving leave to amend his complaint. *See* Dkts. 31, 32. Finally, as stated above, no Scheduling Order has been entered in this case, which remains in an early stage. Accordingly, the undersigned finds that these initial factors are not completely one-sided in favor of denying leave to amend and proceeds to address futility.

### 2. Futility

A trial court may properly deny leave to amend "where the proposed amendment would be futile because it could not survive a motion to dismiss." *Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.*, 620 F.3d 465, 468 (5th Cir. 2010). An amendment is futile when "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). Frequently, a determination of whether a proposed amended complaint would be subject to dismissal would require "a detailed analysis of the proposed pleading" in relation to the causes of action asserted. *Moore v. Dallas Indep. Sch. Dist.*, 557 F. Supp. 2d 755, 759 (N.D. Tex. 2008). To avoid this premature determination of the merits, the standard for denying an amendment based on futility is "[i]f a proposed amendment is not *clearly* futile, then denial of leave to amend is improper." *Id.* (quoting Charles Alan Wright, et al., *Federal Practice and Procedure*, § 1487 (3d ed. 2026)); *see also Mata v. U.S.*, No. SA:13-CV-220-DAE, 2014 WL 37638, at *4 (W.D. Tex. Jan. 3, 2014) (Ezra, J.) (quoting same).

Defendants argue that several components of Wallace's lawsuit are improperly pleaded and futile to amend. In particular, Defendants challenge Wallace's standing to bring suit and assert

that Governor Abbott is immune from suit. Dkt. 31 at 6-7; Dkt. 32 at 2-5. Mindful that Wallace's Original Complaint (Dkt. 1) is live and Defendants' Motions to Dismiss (Dkts. 21, 22), which are both premised on these precise issues, have not been referred to the undersigned for report and recommendation, the undersigned is hesitant to wade too deeply into a Rule 12(b)(6) analysis at this time. Furthermore, many courts in this circuit find that it is best practice to assess the merits of the proposed defenses on a fully briefed dispositive motion. *See Garcia Marmolejo v. Rancho Cinegetico El Gran Chaparral II, S. de R.L. de C.V.*, No. 1:24-CV-00522-RP, 2025 WL 3467225, at *4 (W.D. Tex. Sept. 8, 2025), *R. & R. adopted*, No. 1:24-CV-522-RP, 2025 WL 3504933 (W.D. Tex. Dec. 5, 2025) ("The issue of futility, however, is better addressed 'in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.'") (citations omitted); *see also Best Glide Aviation Survival Equip., Inc. v. Tag-Z, LLC*, No. 1-23-CV-1080-DAE, 2024 WL 5402346, at *3-4 (W.D. Tex. Nov. 7, 2024) (Ezra, J.) (declining to address futility in the context of a motion to amend); *see also Ysleta Del Sur Pueblo v. City of El Paso*, No. EP-17-CV-00162-DCG, 2019 WL 1131421, at *5 (W.D. Tex. Mar. 12, 2019) ("[T]he Court prefers to assess the merits of the proposed defenses on a fully briefed dispositive motion, rather than to do so [on a Rule 15 motion] based on the parties' scant arguments."); *see Norman v. Webster*, No. CV 24-240, 2025 WL 699681, at *4 (E.D. La. Feb. 28, 2025) ("Numerous courts in the Fifth Circuit have noted that the issue of futility is better addressed in the context of a Rule 12(b)(6) motion rather than a Rule 15(a) motion for leave to amend.") (collecting cases).

The court therefore concludes that Defendants' futility arguments against the Proposed FAC will be better addressed in the context of a Rule 12(b)(6) or Rule 56 motion to ensure procedural safeguards.

Having considered the relevant factors, the undersigned finds there is no substantial reason to deny Wallace's Motion for Leave to Amend (Dkt. 30).

**III.**   **CONCLUSION**

For the foregoing reasons, the Court **DENIES** Wallace's Motion for Reconsideration (Dkt. 30) and **GRANTS** Wallace's Motion for Leave to Amend (Dkt. 30). The Clerk's Office is directed to file Wallace's Proposed FAC (Dkt. 30-1) on the docket as his amended complaint. Such grant of leave to amend is without prejudice to Defendants filing renewed motions to dismiss.

SIGNED July 22, 2026.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE