IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| JOHNATHAN WALLACE,<br><br>*Plaintiff*,<br><br>v.<br><br>GREGORY WAYNE ABBOTT, IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE STATE OF TEXAS, ET AL.,<br><br>*Defendants*. | CASE NO. 1:25-CV-2030-DAE |

**DEFENDANTS PAXTON AND MARTIN'S MOTION TO STRIKE OPPOSITION AND DECLARATION BY PLAINTIFF**

Defendants Ken Paxton, in his official capacity as Attorney General of Texas, and Freeman F. Martin, in his official capacity as Director of the Texas Department of Public Safety, respectfully file this Motion to Strike Opposition by Plaintiff to Defendants Paxton and Martin's Motion to Dismiss First Amended Complaint (ECF No. 42) (the "Opposition"), and the Declaration of Jonathan Wallace in Opposition to Defendants' Motions to Dismiss (ECF No. 43), and would show as follows:

Plaintiff filed his Complaint in this case on December 11, 2025. (ECF No. 1). Plaintiff's Complaint was 39 pages long. Defendants Paxton and Martin moved to dismiss that Complaint on March 27, 2026. (ECF No. 21). The Court directed Plaintiff to file his response to Defendants Paxton and Martin's motion to dismiss the Complaint by April 27. (ECF No. 20). Plaintiff failed to do so after a full month. Plaintiff instead moved on April 27 for an extension of time to file an amended complaint. (ECF No. 27).

Plaintiff filed a First Amended Complaint on July 22, 2026. (ECF No. 36). Plaintiff's First Amended Complaint (which is to be a "short and plain statement of the claim", per Fed. R. Civ. P. 8) was 97 pages long. Defendants Paxton and Martin moved to dismiss that First Amended

Complaint on August 5, 2026. (ECF No. 38). Plaintiff sought and the Court granted an extension of time for Plaintiff to respond to that motion to dismiss until August 26, 2026. (ECF Nos. 39, 40).

Plaintiff filed on August 26, 2026, just before midnight, a 25-page Opposition to Defendants Paxton & Martin's Motion to Dismiss First Amended Complaint (ECF No. 42), plus a 14-page Declaration of Jonathan Wallace (ECF No. 43), plus over 20 pages of Exhibits at the end of the Wallace Declaration. Plaintiff filed no Appendix.

## I. Plaintiff Wallace Violated Local Rule Cv-7.

Local Rule CV-7(d)(3) of the Local Rules of the Western District of Texas states in part:

> Unless otherwise authorized by the court, a response to a discovery or case management motion is limited to 10 pages and a response to other motions is limited to 20 pages.

Plaintiff plainly violated this Rule. His Opposition is about 25 percent longer than the 20 pages permitted. Shortly after midnight, Plaintiff also filed the Wallace Declaration. The Wallace Declaration contains substantial *additional* legal argument, rather than facts.

The Local Rules of this Court are not mere technicalities but instead facilitate the expeditious resolution of pending motions. *Gonzalez v. Int'l Med. Devices, Inc.*, 2026 U. S. Dist. LEXIS 78100, 2026 WL 951843 (W. D. Tex. 2026) at *2. Even pro se litigants must obey such Rules. *Id.* at *3. And Plaintiff Wallace is a Harvard-trained lawyer with over 40 years' experience.

Here, Plaintiff Wallace did not seek or obtain leave to file an Opposition in excess of the Local Rule's 20-page limit. As in *Aqua Tex., Inc., v. Hays Trinity Groundwater Cons. Dist.*, 2026 U. S. Dist. LEXIS 181762, 2026 WL 2342209 (W. D. Tex. 2026), Plaintiff Wallace "exceeded the applicable page limit without authorization from the Court." *Id.* at **6-7. As in that case, the Court should strike Plaintiff Wallace's Opposition. *See Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1417 (5th Cir. 1995) (district court has inherent power to manage cases).

## II. The Wallace Declaration Is Inadmissible.

Moreover, the Wallace Declaration includes substantial factual assertions that (A) are not

based on Plaintiff Wallace's own personal knowledge but instead (a) relay inadmissible hearsay statements of others or (b) consist of inadmissible speculation. Examples follow.

A. Wallace at Para. 9 of his Declaration describes what Mr. Wallace "understands" as to the reasons why unnamed third parties declined a request he made to them. Mr. Wallace also testifies as to what the unnamed third parties "understand" and are "aware" of.

B. Wallace in Para. 21 of his Declaration further describes alleged statements by unnamed third parties in which they "raised concerns" with him.

C. Wallace in Paras. 24 through 29 describes alleged actions and communications by or to Mr. Hamed. Wallace plainly has no personal knowledge of these actions and communications because he states: "I did not participate in those calls and was not present for them." Para. 24. Wallace then attempts to authenticate an alleged response from a third party (attached as Exhibit A) from a third party to Mr. Hamed, even though it is apparent Wallace did not send or receive the alleged response. In Paras. 25 and 26, Wallace describes what "Mr. Hamed reported to me". Para. 27 purports to state Exhibit A in full, though Wallace has no personal knowledge of that communication. Paras. 28 and 29 describe Exhibit A, what Wallace "understood" about it, and what Wallace "understood Mr. Kane to mean" in an unauthenticated communication addressed to Mr. Hamed.

D. Wallace in Paras. 54 and 56 describes alleged statements by unnamed third parties to and Wallace's speculative "understanding" of the alleged third-party statements.

Federal Rule of Evidence 602 provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Wallace plainly lacks personal knowledge as to the above-referenced portions of the Wallace Declaration. Those portions therefore are inadmissible and should be struck.

Evidence also is inadmissible when it is speculative – when it includes a witness's beliefs, "understandings", conclusions, or guesses about matters as to which the witness lacks any

personal knowledge. The Wallace Declaration includes substantial inadmissible speculation, and it should be struck.

Defendants Paxton and Martin therefore request that the Court:

(1) strike the Opposition in its entirety by reason of its violation of Local Rule CV-7, or, alternatively, that the Court strikes pages 21 through 25 of the Opposition, the pages filed in excess of the 20-page limit in Local Rule CV-7; and

(2) that the Court strike Paragraphs 9, 21, 24-29, 54, and 56 of the Wallace Declaration as inadmissible.

Date: September 2, 2026

KEN PAXTON
Attorney General

BRENT WEBSTER
First Assistant Attorney General

RALPH MOLINA
Deputy First Assistant Attorney General

ROB FARQUHARSON
Deputy Attorney General for Legal Strategy

Respectfully submitted.

MICHAEL E. COTTON
Chief, Special Litigation Division

/s/ *David Bryant*
DAVID BRYANT
Senior Special Counsel
Attorney-in-Charge
Texas Bar No. 03281500

**OFFICE OF THE ATTORNEY GENERAL OF TEXAS**
Special Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Tel.: (512) 463-2100
david.bryant@oag.texas.gov

***Counsel for the Defendants Paxton and Martin, in their respective official capacities***

## CERTIFICATE OF SERVICE

I certify that a true and accurate copy of the foregoing document was filed electronically (via CM/ECF) on September 2, 2026 and that all counsel of record were served by CM/ECF.

/s/ *David Bryant*
DAVID BRYANT